UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DANNY GESEL REZNIK FRIDMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation, and RASIER, LLC, a Delaware limited liability company,<br><br>*Defendants*. | Case No. 1:18-cv-21689<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Danny Gesel Reznik Fridman ("Reznik" or "Plaintiff") brings this class action under the Telephone Consumer Protection Act against Uber Technologies, Inc. and Rasier, LLC (collectively "Uber" or "Defendant"), to stop its practice of sending unauthorized and unwanted text messages that are intended only for active Uber drivers to consumers whose applications to become Uber drivers were rejected or denied by Uber, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. This case challenges Defendant Uber's practice of sending unsolicited text messages directed to active Uber drivers to consumers that applied to become Uber drivers, but whose applications were denied or rejected by Uber, prior to Uber sending them texts, and to other consumers that have never applied to become Uber drivers.

2. Uber's unsolicited texts violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy that result from the receipt of such text messages, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Uber to cease sending unsolicited text messages to rejected applicants and other consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Danny Reznik Fridman is a Miami-Dade County resident.

5. Defendant Uber is a Delaware corporation headquartered in San Francisco, California.

6. Defendant Rasier, LLC is a Delaware limited liability company headquartered in San Francisco, California.

## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute for which there is federal question jurisdiction.

8. The Court has personal jurisdiction over Defendant and venue is proper in this District because Uber's unauthorized text was received by Plaintiff in this District.

## FACTUAL ALLEGATIONS

9. Uber is a multinational company that offers on-demand lead generation, payment

processing, and related services to transportation providers (i.e., Uber and Uber Eats drivers) for a fee.

10. In July 2017, Plaintiff applied to become an Uber Eats driver, but Uber rejected and/or denied his application, terminating any prospective agreement or relationship between Plaintiff and Uber.

11. Notwithstanding, months later, on April 21, 2018 at 4:05 pm, Uber sent Plaintiff a text message from telephone number (408) 775-7154 to his cellular telephone number without his consent, with a message intended exclusively for active Uber drivers:

> Uber: Danny, your Vehicle Insurance expires in 30 days. Once you get a new version of your document you can upload it here http://t.uber.com/expiry to keep your account active. Thanks!

12. Uber's unsolicited text was a nuisance that aggravated Plaintiff, wasted his time, invaded his privacy, diminished the value of the cellular services he paid for, caused him to temporarily lose the use and enjoyment of his phone, and caused wear and tear to his phone's data, memory, software, hardware, and battery components.

13. On information and belief, Uber, or a third-party acting on its behalf, has sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of other consumers nationwide whose applications to become Uber drivers Uber rejected and/or denied, and who never had any subsequent agreement or relationship with Uber. Uber, or a third-party acting on its behalf, also sent substantively identical texts to the cellular telephone numbers of other consumers that have never applied to become Uber drivers. To the extent the

text messages were sent on Uber's behalf to applicants that Uber rejected and/or denied and other consumers, Uber provided the third-party access to the applicants' records, authorized use of its trade name, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

14. In sending the unsolicited text messages at issue, Uber, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone number to be called, using a random or sequential number generator. This is evident from the circumstances surrounding their auto-populated and otherwise generic content, that substantively identical texts were sent to multiple recipients, and that they were sent from a telephone number associated with a landline, which is consistent with the use of an automatic telephone dialing system to send text messages.[1]

15. Accordingly, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons who (1) on or after four years prior to the filing of the initial complaint in this action, (2) were sent a text message by or on behalf of Uber, (3) using an automatic telephone dialing system, (4) with content intended for active Uber drivers, and from whom (5) Uber (a) does not allege to have consent, or (b) alleges to have obtained consent in the same manner it alleges to have obtained consent from Plaintiff.

16. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and

---

[1] Open Caller Listings, Listing Information for (408) 775-7154 (available at: http://opencallerlistings.com/listing/408-775-7154 (last accessed Apr. 26, 2018)).

directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

17. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

18. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

19. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a) How Defendant gathered, compiled, or obtained the cellular telephone numbers of Plaintiff and the Class;

    b) Whether the text messages were sent using an automatic telephone dialing system;

    c) Whether Defendant's text messages were sent for the purpose of marketing Defendant's services;

    d) Whether Defendant sent the text messages without the consent of Plaintiff and the Class; and

    e)  Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

20. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

21. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

22. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

23. Plaintiff repeats and realleges the allegations of paragraphs 1 through 22 of this complaint and incorporates them by reference.

24. Defendant and/or its agents agent transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. These solicitation text messages were sent without the consent of Plaintiff and the other members of the Class.

26. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. § 227(b)(3)(B), Plaintiff and the Class are entitled to a minimum of $500.00 in damages for each violation. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Reznik, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and his counsel as Class Counsel;

b)	An award of actual and statutory damages;

c)	An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)	A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e)	An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

f)	An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment; and

g)	Such further and other relief as the Court deems necessary.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated:  April 27, 2018.

/s/ Avi R. Kaufman
Avi R. Kaufman
Florida Bar No. 84382
KAUFMAN P.A.
400 NW 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Counsel for Plaintiff Danny Gesel Reznik Fridman and all others similarly situated*